UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARDUNO,<br><br>    Plaintiff,<br><br> v.<br><br>MIKE MCDONALD, et al.,<br><br>    Defendants. | No. 2:15-cv-02370 AC P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

I.   Background

  Plaintiff is a state prisoner incarcerated at California State Prison Solano (CSP-SOL),[1] proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action challenges conditions of plaintiff's prior confinement at High Desert State Prison (HDSP).

////

---

[1] Plaintiff was incarcerated at CSP-SOL when he commenced this action and, according to the Inmate Locator website operated by CDCR, remains incarcerated at CSP-SOL as of the date of this order. See http://www.bop.gov/inmateloc/. This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) (courts may take judicial notice of agency records that are not subject to reasonable dispute).

1

By order filed September 15, 2016, this court found that plaintiff's original complaint, ECF No. 1, stated cognizable Eighth Amendment claims against defendants Lopez and Denton, transportation officers for CDCR. See ECF No. 10. The court found that the complaint stated no cognizable claim against Warden McDonald, and that plaintiff's cursory allegations against "Nurse John Doe" and "Doctor John Doe" were inadequate to state a cognizable claim. Id. Plaintiff submitted the information necessary for the United States Marshal to serve process of the original complaint on these defendants. ECF No. 13.

Meanwhile, the Office of the California Attorney General (AG), at the court's request, provisionally identified "Doctor John Doe" as Dr. S. Abdur-Rahman, but was unable to identify "Nurse John Doe" or "Nurse Cohen," as "Nurse Doe" was later identified by plaintiff. See ECF Nos. 14-20. In light of this new information, the court directed plaintiff to file "a proposed comprehensive First Amended Complaint setting forth all of his allegations and clearly identifying the challenged conduct of each defendant" within thirty days after service of the AG's statement. ECF No. 18. Plaintiff timely submitted a proposed First Amended Complaint (FAC). See ECF No. 21. The court now screens the FAC.

    II.    <u>Screening of Plaintiff's First Amended Complaint</u>

        A.    <u>Legal Standards for Screening Prisoner Civil Rights Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

The factual allegations of the FAC are, like the allegations of the original complaint,[2]

---

[2] The factual allegations of plaintiff's original complaint were slightly more expansive. As summarized by the undersigned on initial screening, ECF No. 10 at 3-4:

> The complaint alleges that plaintiff was injured on December 8, 2011, while being transported to a medical appointment by correctional officers Lopez and Denton. Plaintiff alleges that defendants "caused" him to sustain a neck injury that resulted in surgery, through their "disregard for [his] safety." ECF No. 1 at 3-4. He alleges that his injury was due to defendants' "failure to supply seat belts or safety seating while I was transported shackled with my hands to my waist, unable to stabilize [or] secure my own well-being;" "failure to drive safely resulting in my being thrown to the

exceptionally terse. The allegations of the FAC provide in full, ECF No. 21 at 3:

> 1) Medical transportation officers Lopez & Denton assigned on 12/8/2011; Nurse Cohen and Dr. S. Abdur-Rahman caused my physical injury and then refused treatment of said injury.
>
> 2) Be [sic] injury (neck) by their failure to supply seatbelts or safety seating while I was transported shackled with hands to my waist, unable to stabilize or secure myself, resulting in injury.
>
> 3) Transportation officers' failure to drive safely resulting in being thrown to the floor of transport vehicle.
>
> 4) Transportation officers' failure to stabilize me once thrown to floor and transporting me lying on floor still cuffed to waist.
>
> 5) Mandated to continue in pain as I was refused medical attention.
>
> 6) Refused examination of neck resulting in prolonged suffering before surgical repair was done.
>
> [7] Neck [injury] resulting in surgery.

In one of his miscellaneous filings, plaintiff provided limited clarification. Although not part of the FAC, plaintiff explained, ECF No. 14 at 1-2:

> I was denied adequate medical care following my injuries and prior to my surgery, resulting in prolonged suffering, specifically, that after my injuries the medical department refused to examine by neck using the appropriate medical procedures, consistent with the accepted current practices, resulting in prolonged suffering before surgery; and, refused to afford me pain medication in the interim. I contended that Registered Nurse Cohan [sic] who responded to my condition on 12/8/2011, and Doctor Rahmon who delivered medical care to me post event continued delay of effective treatment.

---

> floor of the transportation vehicle;" and "fail[ure] to stabilize me once thrown from the seat and simply continuing transport with me lying on the floor of the transport vehicle . . . ." Id. at 4.
>
> The complaint also alleges that plaintiff was denied adequate medical care following his injury and prior to his surgery, resulting in "prolonged suffering." Id. at 3-4. Plaintiff alleges that after his injury "the medical department refused to examine my neck using the appropriate medical procedures, consistent with the accepted current practices, resulting in prolonged suffering before surgery;" and "refused to afford me pain medication. . . ." Id. at 4. Plaintiff alleges a "continued delay of effective treatment," id. at 3, and names "Nurse John Doe who responded to my condition on 12/8/2011," and "Doctor John Doe who delivered medical care to me post event," id. at 2.

4

C. Analysis

1. Defendant Correctional Officers Lopez and Denton

The court finds, for the reasons set forth in the screening of plaintiff's original complaint, that the FAC states cognizable Eighth Amendment claims against defendants Lopez and Denton under both a failure to protect theory and a cruel and usual punishment theory. See ECF No. 10 at 4-5. As the court previously found, id. at 5:

> The Eighth Amendment to the United States Constitution proscribes cruel and unusual punishments. To state a cognizable Eighth Amendment claim under a failure to protect theory, a prisoner must plausibly allege that a correctional official knew of but disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). Under an Eighth Amendment failure to protect claim, "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).
>
> In the present case, plaintiff's allegations that defendant correctional officers Lopez and Denton failed to secure plaintiff to his seat, failed to drive safely, and failed to stabilize plaintiff after he was thrown from his seat, are sufficient to state Eighth Amendment claims based on a failure to protect theory.
>
> Moreover, these defendants' failure to upright and stabilize plaintiff after he was thrown from his seat, and their decision to leave plaintiff on the floor bound in shackles until the vehicle reached its destination, state a claim for cruel and unusual punishment. These circumstances allege the "unnecessary and wanton infliction of pain," inconsistent with "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations and internal quotation marks omitted).

2. Medical Defendants Abdur-Rahman and Cohen

The court further finds that that FAC, like the original complaint, fails to state a cognizable claim against either Dr. Abdur-Rahman or Nurse Cohen. Plaintiff was previously informed of the following legal standards for stating a cognizable medical deliberate indifference

5

claim, ECF No. 10 at 5:

> "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A medical deliberate indifference claim, to be cognizable, must allege *specific facts* from which to reasonably infer that the defendant knew of plaintiff's serious medical need but disregarded it; how the defendant knew about and disregarded plaintiff's serious medical need must be clearly articulated. Here plaintiff's claims against the medical defendants are too vague to make such inferences – e.g., that defendants "refused treatment of said injury;" "refused [plaintiff] medical attention;" "[r]efused examination of neck resulting in prolonged suffering before surgical repair was done." ECF No. 21 at 3. A complaint that fails to identify the *specific acts* of defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citations omitted.)

Plaintiff's additional filings, even if added to the FAC, also fail to meet these notice requirements. Plaintiff's vague and conclusory allegations against these putative medical defendants are not sufficient to state a cognizable deliberate indifference claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

C. Summary of Analysis

The FAC states cognizable Eighth Amendment claims against defendants Lopez and Denton, but not against defendants Abdur-Rahman or Cohen. As a result, and as set forth below, plaintiff may proceed on his FAC against defendants Lopez and Denton, OR file a proposed Second Amended Complaint (SAC) that repeats his allegations and claims against Lopez and Denton, and provides additional factual allegations supporting potentially cognizable claims against Abdur-Rahman and/or Cohen (or, as plaintiff also spells it, Cohan).[3]

III. Option to Proceed on FAC or to File a Proposed SAC

Plaintiff may choose to proceed on his FAC on his Eighth Amendment claims (failure to protect, and cruel and unusual punishment) against defendants Lopez and Denton.

Alternatively, plaintiff may file a proposed SAC that restates these Eighth Amendment claims against these defendants and again attempts to state cognizable Eighth Amendment medical deliberate indifference claims again Dr. Abdur-Rahman and/or Registered Nurse Cohen.

If plaintiff files a proposed SAC, it will supersede both the FAC and the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. An amended complaint must identify *each* claim and allege in specific terms how *each* defendant violated plaintiff's constitutional rights, *demonstrating an affirmative link or connection between each defendant's specifically-identified conduct and the claimed deprivation of plaintiff's constitutional rights*. Rizzo v. Goode, 423 U.S. 362, 371 (1976); see also May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

IV. Summary for Pro Se Litigant

The court has screened your FAC and finds that it states cognizable Eighth Amendment claims (failure to protect, and cruel and unusual punishment) against defendants Lopez and Denton.

---

[3] Although the AG was unable to identify a nurse with a name that closely matches, if plaintiff can state a cognizable claim against this nurse in a SAC, he will then be accorded the opportunity to better identify and locate the nurse for service of process.

The FAC does not state cognizable claims against defendants Dr. Abdur-Rahman and/or Registered Nurse Cohen. The court has provided you with the legal standards for stating a cognizable medical deliberate indifference claim against these defendants, and informed you of the necessity to allege sufficient facts to meet these legal standards if you choose to again attempt to do so in a proposed SAC.

You are not obligated to file a SAC. Please use the attached form to indicate your choice.

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Within thirty (30) days after the filing date of this order, plaintiff shall complete and return the attached "Notice of Election," indicating whether he chooses to proceed on his FAC, as construed herein, OR file a SAC.

2. If plaintiff elects to proceed on his FAC, he shall submit the following documents to the court for service of process on defendants Lopez and Denton: (1) one completed summons; (2) two completed USM-285 forms (one for each defendant);[4] (3) three copies of the endorsed FAC. The court will transmit these materials to the United States Marshal for service of process pursuant to Rule 4, Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines set forth in Rule 12(a)(1), Federal Rules of Civil Procedure.

3. Plaintiff's election to proceed on his FAC will be construed as plaintiff's agreement to the voluntary dismissal, without prejudice, of defendants Abdur-Rahman and Cohen.

4. However, if plaintiff chooses to submit a proposed SAC, it must comply with the requirements set forth herein, bear the docket number assigned this case, and be labeled "Second Amended Complaint." The SAC will be screened pursuant to the standards set forth in 28 U.S.C. § 1915A, and service of process will be deferred until the completion of screening.

////

---

[4] Although plaintiff previously submitted completed USM-285 forms for service of the original complaint on Lopez and Denton, see ECF No. 13, the service information should be updated for each defendant for service of the FAC.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, the following: (1) one blank summons; (2) two blank USM-285 forms; (3) one copy of the endorsed FAC (ECF No. 21); and (4) instructions for service of process.

6. Should plaintiff fail to timely file the Notice of Election, together with the documents necessary to serve process of the FAC, OR fail to timely file a proposed SAC, the undersigned will recommend the dismissal of this action without prejudice.

7. Finally, the Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, for the reasons set forth in this court's order filed September 15, 2016, IT IS HEREBY RECOMMENDED that previously-named defendant Warden Mike McDonald be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARDUNO,<br><br>           Plaintiff,<br><br>    v.<br><br>MIKE MCDONALD, et al.,<br><br>           Defendants. | No. 2:15-cv-02370 AC P<br><br>**NOTICE OF ELECTION** |

    In compliance with the court's order filed _____, plaintiff elects to:

_____ **Option 1**: Proceed on the First Amended Complaint (FAC) against defendants Lopez and Denton; dismiss without prejudice defendants Abdur-Rahman and Cohen (aka Cohan) (previously "Doctor John Doe" and "Nurse John Doe," respectively). The following service documents are submitted herewith:

    _____    One (1) completed summons form
    _____    Two (2) completed USM-285 forms
    _____    Three (3) copies of the endorsed FAC

**OR**

_____ **Option 2:** Proceed on a proposed Second Amended Complaint (SAC), submitted herewith.

_____    _____
Date                                                                                  Plaintiff

1