UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARDUNO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE MCDONALD, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-02370 MCE AC P<br><br><br><br>ORDER |

I.　　Introduction

Plaintiff is a state prisoner at Solano State Prison under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. A settlement conference is scheduled in this case on October 31, 2019.

Plaintiff has filed a "Motion to Stay Prison Transfer," noting CDCR's intent "to transfer Plaintiff from Solano State Prison to Pleasant Valley State Prison to work in the Offenders Mentor Certified Program (OMCP)." ECF No. 44 at 1. Plaintiff asks the court to stay his anticipated transfer because it may impede his settlement negotiations with defense counsel, and "[m]edically, additional transfers and extending the amount of time in transit, adds additional pain and suffering on Plaintiff and current medical status regarding back pain." Id. at 2. Plaintiff also notes that his transfer will place additional burdens on state resources to transport him to a more

distant settlement conference. Id. at 1-2. Accordingly, plaintiff seeks a "temporary stay of transfer pending the completion of the instant court proceedings after which [] Plaintiff welcomes the opportunity to transfer to institutions where he may appl[y] the trade that has been gifted him by the state." Id. at 2.

As explained below, the court has no authority to postpone plaintiff's transfer to another California prison. However, in light of plaintiff's medical concerns, he will be provided the option of requesting that he appear at the October 31, 2019 settlement conference by video.

II. The Court Has No Authority to Postpone Plaintiff's Anticipated Transfer

Plaintiff is informed that there is no legal authority supporting his efforts to postpone his transfer to another California prison. Prisoners have no due process right to placement in a particular correctional facility, or to prevent their transfer to other facilities. As explained by the Supreme Court:

> [G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution. The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison. . . . The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
>
> Neither . . . does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.

Meachum v. Fano, 427 U.S. 215, 224-5 (1976). For these reasons, plaintiff's motion must be denied.

////

////

### III. Plaintiff May Request That He Appear at the Settlement Conference by Video

The settlement conference scheduled for October 31, 2019 will be the second mediation in this case. The first conference was held on March 22, 2019, and plaintiff appeared by video at his request. See ECF No. 33. The pending settlement conference was scheduled without providing plaintiff the option of appearing by video. Plaintiff will now be provided that option. Plaintiff is directed to complete and file the attached notice within fourteen (14) days after service of this order, indicating whether he prefers to appear at the October 31, 2019 conference in person or by video, if available.[1] If plaintiff chooses to proceed by videoconference, and the equipment is available, the court will re-issue the operative writ ad testificandum. If plaintiff does not timely return the notice, the writ ad testificandum for his personal appearance will remain in effect.

### IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay his anticipated transfer to another prison, ECF No. 44, is denied.

2. Plaintiff shall, within fourteen (14) days after service of this order, file the attached notice indicating whether he prefers to appear at the October 31, 2019 conference in person or by video, if available.

SO ORDERED.

DATED: September 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned realizes that plaintiff is presently uncertain about his place of incarceration on October 31, 2019 but, because advance arrangements must be made, the court is required to obtain plaintiff's preference at this time.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GARDUNO,<br><br>             Plaintiff,<br><br>    v.<br><br>MIKE MCDONALD, et al.,<br><br>             Defendants. | No. 2:15-cv-02370 MCE AC P<br><br><u>NOTICE RE: PLAINTIFF'S APPEARANCE AT THE OCTOBER 31, 2019 SETTLEMENT CONFERENCE</u> |

As required by court order, the plaintiff notifies the court of the following election:

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference in person.

**OR**

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference by video, if available.

_____        _____
Date                                                                                Plaintiff